IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNIE BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00456-NJR |
| ) | |
| PEOPLE OF STATE OF ILLINOIS, ) | |
| JOHN BALDWIN, ) | |
| CAMBELL, ) | |
| LESLIE McCARTY, ) | |
| WARDEN 1, ) | |
| WARDEN 2, and ) | |
| LULIE TANNER, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Following his release from prison, Plaintiff Donnie Baker filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 claiming he was denied timely release "under 1978 law" and in violation of his constitutional rights. (Doc. 1, p. 4). He seeks money damages. (*Id*. at p. 5). Plaintiff filed the action without paying a filing fee or seeking permission to proceed as a poor person. 28 U.S.C. § 1915.

Three weeks later, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 5). Because he was not in prison when he filed the action, Plaintiff does not meet the definition of "prisoner"[1] under 28 U.S.C. § 1915(h). A federal district court may nevertheless allow

---

[1] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

a civil case to proceed without prepayment of fees, if the applicant demonstrates he is indigent under 28 U.S.C. § 1915(a)(1), and his Complaint survives review under 28 U.S.C. § 1915(e)(2).

Section 1915(e)(2) requires careful threshold scrutiny of the Complaint. The district court may deny an otherwise qualified plaintiff leave to proceed IFP and dismiss a case, if the action is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.; *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or meritless under Section 1915(e)(2)(B)(i) is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff includes no statement of claim in the Complaint. (Doc. 1, pp. 1-19). On page 4, he simply indicates that he was "denied release under 1978 law" in violation of his constitutional rights. (*Id*. at p. 4). On page 5, he requests $2 million. (*Id*. at p. 5).

Attached to the Complaint are exhibits that offer some insight into his claims. (*Id*. at pp. 6-10, 16-17). Plaintiff includes grievances and appeals from 2016 and 2017. According to them, Plaintiff was approved for release from confinement by the Prison Review Board ("PRB") on March 8, 2017. His release was delayed because no suitable host site could be found. Plaintiff argued that he was entitled to release to a halfway house because he is not a sex offender. (*Id*.).

The remaining exhibits offer a different version of events. (*Id*. at pp. 12-15). They indicate that Plaintiff appeared before the PRB on March 22, 2017. He was declared a parole violator as of

January 26, 2017. (*Id.* at pp. 13-14). A PRB Order states that "[p]arole/[r]elease" would be "RESUMED . . . [e]ffective when plans are approved." (*Id.* at p. 14).

## Discussion

Plaintiff's Complaint does not survive screening under Section 1915(e)(2) because it fails to state any claim for relief. The omission of a statement of claim is generally fatal to a Complaint. Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to include a short and plain statement of the claim against each defendant. FED. R. CIV. P. 8(a)(2). A plaintiff must include enough facts to show that he or she is entitled to relief. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although "detailed factual allegations are not required," Rule 8 does call for enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. In the Complaint, Plaintiff includes a single vague reference to a "constitutional rights violation" resulting from "being denied release under 1978 law." (Doc. 1, p. 4). This allegation falls well below the pleading standard described in Rule 8, *Iqbal*, and *Twombly*.

Although Plaintiff's exhibits shed some light on his possible claims, the exhibits alone are not enough to state a *plausible* claim against anyone, because Plaintiff provides no context for them. They offer what appear to be conflicting accounts of Plaintiff's eligibility for release from confinement. The Court will not attempt to guess Plaintiff's reasons for bringing this action or to craft his claims for him. Moreover, the Court will certainly not require the defendants to answer or otherwise respond.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 5) is **DENIED**, and the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**IT IS ORDERED** that, should he wish to proceed any further with this action, Plaintiff must: (1) file a Renewed/Second Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action no later than **August 1, 2019**; and (2) file a First Amended Complaint that includes a statement of claim by the same deadline of **August 1, 2019**. Failure to comply with this deadline or the instructions in this Order shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); 28 U.S.C. § 1915(e)(2).

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and use the case number for *this* action (*i.e.,* 19-cv-456-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. If Plaintiff does not know the names of the individual(s), he can refer to each generically (*e.g.*, John Doe 1), but he must identify the individual as a defendant in the case caption *and* in the body of the First Amended Complaint. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits, but he must re-file any of those exhibits he would like the Court to consider when reviewing the First Amended Complaint. He should include only related claims. Unrelated claims against different defendants will be severed into new cases, and additional filing fees may be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First

Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review under 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his Renewed/Second Motion for Leave to Proceed *in forma pauperis* and First Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank IFP motion and civil rights complaint form, as well as a motion for recruitment of counsel.

**IT IS SO ORDERED.**

**DATED: 7/1/2019**

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.